RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/17/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID RATCLIFF,<br>    Appellant | CIVIL ACTION<br>1:11-cv-02195 |
| VERSUS | |
| U.S. COMMISSIONER OF SOCIAL SECURITY,<br>    Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

David Ratcliff filed an application for social security supplemental security income ("SSI") benefits, disability insurance benefits ("DIB") and a period of disability on September 29, 2008, alleging a disability onset date of September 1, 2008 (Tr. pp. 106/383, 110/383), due to diabetes and knee problems (Tr. p. 128/383). Those claims were denied by the Social Security Administration ("SSA") (Tr. pp. 75/383).

A de novo hearing was held before an administrative law judge ("ALJ") on November 19, 2009, at which Ratcliff appeared with his attorney, a witness, and a vocational expert ("VE") (Tr. p. 34/383). The ALJ found that Ratcliff suffers from severe impairments of obesity and poorly controlled diabetes, but that he does not suffer from severe depression (Tr. pp. 24/383, 28/383). The ALJ further found that Ratcliff has the residual functional capacity to perform the full range of light work, cannot perform

his past relevant work as an electrician's helper, is a younger individual, and is illiterate (Tr. pp. 24/383-29/383). The ALJ concluded that a finding of "not disabled" was directed by Rule 202.18 of the Medical-Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix II (Tr. p. 29/383).

Ratcliff requested a review of the ALJ's decision, but the Appeals Council declined to review it (Tr. p. 1/383), and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Ratcliff next filed an appeal for judicial review of the Commissioner's final decision. In response, the Commissioner filed a motion to remand Ratcliff's case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings (Doc. 12).

## Law and Analysis

In Shalala v. Shaefer, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."

> "[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand

2

the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand.[1] Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629. Also, Istre v. Apfel, 208 F.3d 517 (5th Cir. 2000).

The Commissioner's motion asks for a remand because the ALJ erred in finding RATCLIFF's depression is not severe; as a result, Ratcliff's residual functional capacity and ability to work were not properly assessed. The Commissioner further states that, on

---

[1] A sentence six remand may be ordered in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991). Pursuant to the sixth sentence of 42 U.S.C. § 405(g), the court may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. See Istre, 208 F,3d at 519; Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987); Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981).

remand, the ALJ will (1) obtain a consultative mental status examination of Ratcliff, (2) re-evaluate all of Ratcliff's physical and mental impairments, (3) reconsider all of the medical opinions of record and provide appropriate rationale to explain the weight given to opinion, (4) further consider Ratcliff's residual functional capacity and provide appropriate rationale to support the assessed limitations, (5) if warranted, obtain psychological or psychiatric medical expert testimony to clarify the severity of Ratcliff's mental impairment, (6) obtain testimony from a vocational expert to clarify the effect of the assessed limitation on Ratcliff's occupational base, and (7) ensure the ALJ asks proper hypothetical questions to the vocational expert and, before relying on the vocational expert's testimony, the ALJ will identify and resolve any conflicts between information provided by the VE and information found in the <u>Dictionary of Occupational Titles</u>.

The Commissioner further alleges the motion for remand is unopposed. Since the Commissioner's unopposed motion to remand is properly within the scope of sentence four and Ratcliff seeks to reverse the Commissioner's decision in his appeal, the Commissioner's motion for remand should be granted under the fourth sentence.

## CONCLUSION

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's motion for remand be GRANTED, the final decision of

the Commissioner be REVERSED AND VACATED, and the case be REMANDED to the Commissioner of Social Security, pursuant to the fourth sentence of 42 U.S.C. § 405(g), in order for the ALJ to:

(1) obtain a consultative mental status examination of Ratcliff,
(2) re-evaluate all of Ratcliff's physical and mental impairments,
(3) reconsider all of the medical opinions of record and provide appropriate rationale to explain the weight given to opinion,
(4) further consider Ratcliff's residual functional capacity and provide appropriate rationale to support the assessed limitations,
(5) if warranted, obtain psychological or psychiatric medical expert testimony to clarify the severity of Ratcliff's mental impairment,
(6) obtain testimony from a vocational expert to clarify the effect of the assessed limitation on Ratcliff's occupational base, and
(7) ensure the ALJ asks proper hypothetical questions to the vocational expert and, before relying on the vocational expert's testimony, the ALJ will identify and resolve any conflicts between information provided by the VE and information found in the Dictionary of Occupational Titles.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17th day of July 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE